# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3955

_____

| | | |
|---|---|---|
| Shirley E. Biewen, | * | |
| | * | |
| Plaintiff - Petitioner, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Jo Anne B. Barnhart,[1] Commissioner of | * | |
| the Social Security Administration, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Respondent. | * | |

_____

Submitted: October 11, 2002

Filed:  November 14, 2002

_____

Before MORRIS SHEPARD ARNOLD, MAGILL, and BYE, Circuit Judges.

_____

PER CURIAM.

Shirley E. Biewen appeals the district court's[2] decision upholding the administrative law judge's (ALJ) denial of social security disability benefits.  We affirm.

_____

[1]Jo Anne B. Barnhart is substituted as respondent for former Commissioner of Social Security William A. Halter pursuant to Fed. R. App. P. 43(c)(2).

[2]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Biewen was born November 22, 1934. She has a master's degree and training as a divorce counselor. From 1980 to 1994, Biewen worked as a high school counselor. In June, 1994, she left that job for health reasons and worked on a limited part-time basis from 1996 to 1999.

On January 11, 1995, Biewen applied for social security disability benefits alleging a disability onset date of June 9, 1994. She reported her disabling complaints as chronic fatigue syndrome and mild depression. The application was denied initially and also upon reconsideration. On February 10, 1997, a hearing was held before an ALJ who affirmed the denial. The ALJ found Biewen unable to return to her former employment, but found she had acquired transferable skills which would enable her to work as a psychometrist.[3] Review of the decision was denied by the Appeals Council and Biewen next sought judicial review. While pending before the district court, this court issued its decision in <u>Kerns v. Apfel</u>, 160 F.3d 464, 469 (8th Cir. 2000), clarifying the meaning of "highly marketable" as applied to the transferable skills analysis for claimants of advanced age. Because the decision directly implicated the analysis used to deny Biewen's claim for benefits, the parties agreed to remand the case to the ALJ for additional vocational expert testimony to determine if her transferable skills were highly marketable. A second hearing was held August 5, 1999, and on October 26, 1999, the ALJ again denied benefits finding Biewen had transferable skills which were highly marketable.

Ms. Biewen sought review of the ALJ's decision by the Appeals Council which was denied. She then appealed to the district court. The district court, following the report and recommendation of the magistrate, granted summary judgment in favor of

---

[3]Psychometrics is a branch of psychology dealing with the measurement of mental traits, capacities, and processes.

the Commissioner and denied Biewen's cross-motion for summary judgment. This appeal followed. On appeal to this court, Biewen argues the ALJ erred by concluding she had transferable skills which were highly marketable. Specifically, she contends the ALJ erred by accepting the testimony of vocational expert Marry Harris because she never specifically stated Biewen's transferable job skills would give her a "competitive edge."

Our scope of review is narrow. "We will affirm the ALJ's findings if supported by substantial evidence on the record as a whole." Beckley v. Apfel, 152 F.3d 1056, 1059 (8th Cir. 1998). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." Id. We find the decision is supported by substantial evidence and affirm for the reasons given by the district court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.